In the Matter of Sol Z. ROSEN, A Member of the Bar of the District of Columbia Court of Appeals, Respondent.

No. 86–1464.

District of Columbia Court of Appeals.

Argued May 1, 1989.
Decided Sept. 13, 1989.*
Rehearing Denied Dec. 20, 1989.

Wallace E. Shipp, Jr., Deputy Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, was on the brief, for petitioner.

David Epstein, with whom R. Hale Foote was on the brief, for respondent.

Before BELSON and STEADMAN, Associate Judges, and MACK, Senior Judge.**

PER CURIAM:

In this attorney discipline case, we must decide whether respondent misrepresented material facts in applying for admission in Maryland in violation of Disciplinary Rule 1–101(A) of the Code of Professional Responsibility,[1] and if so, what sanctions to impose. The Board on Professional Responsibility has recommended respondent's suspension from the practice of law in the District of Columbia for a year and a day. We order his suspension for nine months, with a requirement that he furnish proof of rehabilitation as a condition of his reinstatement.[2]

I

Respondent Sol Z. Rosen, a member of the bar of this court, applied for admission in Maryland. By affidavit and questionnaire filed on May 26, 1980, as part of that application, he indicated that no charges or complaints were then pending against him concerning his professional conduct. At the time he filed these papers, this answer was evidently accurate. However, complaints were subsequently filed against him by Eugene Foggie on October 3, 1980, and by Anthony Jae on March 30, 1981. Respondent filed responses to both complaints in 1980 and 1981. Further, District of Columbia Bar Counsel proceeded to prosecute respondent in the Jae matter, and respondent filed an answer on October 26, 1981. Nevertheless, on February 5, 1982, as part of his Maryland application, appellant endorsed a written oath stating

> [t]hat all of the matters and facts contained in [the affidavit and questionnaire were] still true and correct and no changes ha[d] taken place with respect to [his] personal situation which would reflect unfavorably on [his] qualifications to be admitted as a member of the Maryland bar....

The misconduct alleged in this case stems from respondent's purportedly false oath, rather than from his answer to the underly-

---

* This case was decided by Memorandum Opinion and Judgment, but is being published upon the granting of petitioner's motion to publish.

** Judge Mack was an Associate Judge of the court at the time of argument. She was commissioned as a Senior Judge on December 1, 1989.

1. DR 1–101(A) reads: "A lawyer is subject to discipline if he has made a false statement in, or

if he has deliberately failed to disclose a material fact in connection with, his application for admission to the bar."

2. At the time of the Board's recommendation, such a condition was imposed only if a suspension were for longer than a year. Effective September 1, 1989, our rules were amended to allow such a condition to any suspension. Rule XI, § 3(a)(2).

ing affidavit and questionnaire, which was correct at the time of filing.

At a disciplinary proceeding in Maryland Circuit Court, respondent testified that in signing the oath, he had failed to review the affidavit and questionnaire, and did not recall its contents. He also suggested, in his defense, that he had misunderstood or misread the purportedly ambiguous language of the oath. Nevertheless, in its findings, the court stated: "Although the Court is satisfied that Sol Zalel Rosen's conduct was not intentional, nevertheless the Court finds the act here was done with reckless indifference, the legal equivalence of deliberate." Thereafter, at respondent's request and with the agreement of Maryland bar counsel, the Maryland Court of Appeals dismissed the charges and allowed respondent to resign from the Maryland bar with prejudice.

Disciplinary hearings followed before the District of Columbia Board on Professional Responsibility, which found that respondent had violated DR 1–101(A), and recommended his suspension from practice for a year and a day. On first hearing this case, we remanded by unpublished order for more complete findings as to respondent's state of mind. The Board then found, on the basis of the evidence already before it, that respondent had acted with reckless disregard as to the truth or falsity of the information he had supplied to Maryland, and further, that if scienter were required to show a violation of DR 1–101(A), such scienter could be inferred from this reckless conduct. Respondent now contends that this outcome was unsupported by the evidence before the Board.

## II

We agree with the Board that respondent had the requisite level of scienter to support the imposition of sanctions. Respondent stated under oath that no changes in his status had taken place, since the filing of his questionnaire and affidavit, "which would reflect unfavorably on his qualification to be admitted as a member of the Maryland bar...." Yet at that very moment he was actively defending himself against two misconduct complaints and one prosecution for misconduct in the District of Columbia. It is common knowledge in the legal profession that bar application forms are designed to review an applicant's character and fitness to practice. Further, it can hardly be contended that the oath itself was ambiguous; even if any doubt can be harbored about the scope of information that might reflect unfavorably on respondent's application, there can be no doubt that complaints and prosecution for professional misconduct fell well within its frontiers. Respondent stood to benefit from the nondisclosure of information detrimental to his Maryland bar application, and, favored with complete control over the flow of information to Maryland's licensing authorities, withheld that information by affirmatively misstating the facts in an oath. *In re Gilbert*, 538 A.2d 742, 745 (D.C.1988).

We are satisfied that respondent acted in reckless disregard of the truth, in that his casual treatment of the oath evinced an obvious and culpable contempt for an attorney's duty to be candid. Since this case involves a material misrepresentation rather than a mere nondisclosure, "deliberateness" is not required under the strict language of DR 1–101(A). DR 1–101(A) provides separately and in distinct language for materially false statements and deliberate failures to disclose. Certainly, the language and syntax of the Rule suggest that a distinction is warranted: it premises sanctions on *either* (1) a lawyer's materially false statement, *or* (2) his deliberate failure to disclose a material fact, in connection with an application for admission. The provision is clearly stated in the disjunctive, with the relevant clauses set off by commas. While the requirement of materiality is present in either alternative ground for sanctions, the requirement of deliberateness is conspicuously absent from one.

Looking beyond the grammar of the rule, the distinction, to the extent that it was intended by the drafters, also makes sense. Nondisclosure is a more elusive concept than misrepresentation, and more easily at-

tributed to inadvertence. Any statement necessarily involves the omission of facts the speaker deems irrelevant, and this judgment is necessarily somewhat subjective. By contrast, the affirmative misrepresentation of facts readily available to the speaker, though not demonstrably motivated by an intent to deceive, is more blameworthy, both because it is so easy to avoid, and because it is more consistent with an intent to deceive than a material omission. Thus, we might be less inclined to sanction an attorney for an omission, absent some proof of an intent to deceive, on the theory that it is fairer to penalize individuals for negligent misrepresentation of readily accessible facts than to do so for an absent-minded omission to include information that, perhaps somewhat subjectively, is deemed relevant.

DR 1-101(A) is problematic to the extent that it indicates no requisite "state of mind" to render affirmative misrepresentations sanctionable. There is authority, however, to support the reckless disregard standard articulated by the Maryland court in this case. *See e.g., In re Jordan,* 106 Ill.2d 162, 88 Ill.Dec. 1, 8, 478 N.E.2d 316, 323 (1985) (respondent showed "serious lack of concern for the truth"); *In re Del Rio,* 407 Mich. 336, 353, 285 N.W.2d 277, 284 (1979) (respondent showed "inexcusable laxness in failing to present ... requested documents [although] we are not convinced that respondent willfully [misled] the State Bar"). Accordingly, we apply it here.

### III

It only remains for us to determine a sanction appropriate to respondent's misconduct and his professional status. Bar Counsel has requested his suspension from the practice of law for a year and a day. In *Gilbert, supra,* respondent was disbarred in the District of Columbia for failing to disclose on a Maryland bar application that he had been involved in a former lawsuit denying his claim for life insurance under his wife's policy, on grounds that he intentionally caused her death in order to obtain the proceeds from the policy. Here,

respondent has committed essentially the same misconduct, but under far less egregious circumstances. In consideration of respondent's prior exposure to sanctions in Maryland, the lack of harm resulting to any client from the instant violation, respondent's cooperation with Bar Counsel in this matter, and his prior record as an advocate, we order that respondent be suspended from practicing law in the District of Columbia for the period of nine months, with the added requirement that, upon arriving at eligibility for reinstatement to active practice, he furnish satisfactory proof of his rehabilitation.

### IV

Accordingly, it is

ORDERED and ADJUDGED that respondent is suspended from the practice of law for nine months, with the requirement that he demonstrate his rehabilitation as a precondition to readmission to practice.

*So ordered.*

### ORDER ON PETITION FOR REHEARING

PER CURIAM.

This matter is before the division on respondent's petition for rehearing. Respondent challenges, *inter alia,* the court's imposition of a requirement of proof of rehabilitation as a condition of reinstatement in conjunction with a period of suspension of less than one year. Respondent argues that the court's sanction offends due process in that it is a retroactive application of a sanction that was not available at the time of respondent's sanctioned conduct, and as to which he was not given an opportunity to be heard. His argument is unpersuasive. Respondent was heard fully on the issue of whether he should be required to establish proof of rehabilitation before being allowed to resume the practice of law. The division concluded that he should be required to do so. Respondent was benefited rather than prejudiced by the application of the amended rule. Accordingly, it is

ORDERED that the respondent's petition be, and it hereby is, denied.