**In re Thomas F. KENNEDY,
Respondent.**

**No. 91–783.**

District of Columbia Court of Appeals.

Argued Feb. 24, 1992.
Decided March 27, 1992.

David Epstein, Washington, D.C., for respondent.

Elizabeth A. Herman, Asst. Bar Counsel, with whom Wallace E. Shipp, Acting Bar Counsel, Washington, D.C., was on the brief, for the Office of Bar Counsel.

Joan L. Goldfrank, Washington, D.C., entered an appearance, for the Bd. on Professional Responsibility.

Before WAGNER and KING, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

In this disciplinary case, the Board on Professional Responsibility (the Board) found that respondent, Thomas F. Kennedy, violated Disciplinary Rule 3–101(B) (prohibiting the practice of law in a jurisdiction where to do so violates regulations of the profession in that jurisdiction). The Board recommended a sanction of suspension for nine months with the requirement that respondent furnish proof of fitness as a condition of reinstatement. Respondent argues that violation of the disciplinary rule was not established by clear and convincing evidence and that the Hearing Committee improperly relied on hearsay evidence and findings of fact of a Maryland Court which were based on a lesser standard of proof than required in these proceedings. Respondent also contends that the recommended sanction is inappropriate. We conclude that Bar Counsel proved the violation by clear and convincing evidence properly admitted in the case and that the proposed sanction is consistent with sanctions imposed for similar misconduct and warranted under the circumstances presented.

I.

The charge against respondent arises out of his activities in the state of Maryland where he is not licensed to practice law. On July 26, 1989, the Court of Appeals of Maryland affirmed in part an injunction granted by the Circuit Court for Montgomery County ordering respondent not to engage in certain actions which violated their local rule against practicing law without a license. *Kennedy v. Bar Ass'n of Montgomery County, Inc.*, 316 Md. 646, 671–73, 561 A.2d 200, 213 (1989).[1] Bar Counsel filed a Petition Instituting Formal Disciplinary Proceedings against respondent following the decision of the Court of Appeals of Maryland. At an initial hearing before the Hearing Committee (the Committee) assigned to hear the case, Bar Counsel offered as proof of the charge the opinions of the two Maryland courts. Respondent objected on hearsay grounds. Bar Counsel then offered the transcripts from the Maryland case, but the Committee ultimately refused to consider them.

The Committee held that collateral estoppel precluded respondent from denying the factual findings of the Maryland trial court which had been affirmed on appeal. Based on those findings, the Committee found by clear and convincing evidence that respondent violated DR 3–101(B) as charged and recommended a one year suspension with a requirement of proof of fitness for reinstatement. The Board concluded that the transcripts were excluded erroneously and remanded the case back to the Committee with instructions to admit the transcripts and any rebuttal evidence.[2] Relying solely upon the transcript of respondent's testimony in the Maryland proceeding, the Committee again determined by clear and convincing evidence that respondent had violated DR 3–101(B).

The transcript of respondent's testimony reflects that he maintained a law office in Silver Spring, Maryland since 1984 in partnership with Edward Jasen, a member of the Maryland Bar. The partnership also had an office in the District of Columbia which was used primarily for storage, and respondent admitted that he did not see clients at the D.C. office. The partnership operated under the name of Jasen and Kennedy. Respondent claimed that he moni-

---

1. Although the Maryland Court of Appeals narrowed the scope of the injunction, the court upheld the finding that respondent set up his principal office in Maryland where he advised clients and prepared legal documents for them, thereby engaging in the unauthorized practice of law. *Kennedy, supra,* 316 Md. at 661–63, 561 A.2d at 208.

2. The Board rejected the Committee's collateral estoppel determination because the standard of proof in the Maryland proceeding was preponderance of the evidence, while a disciplinary violation in this jurisdiction must be proved by clear and convincing evidence.

tored the firm's substantial collection cases and managed the office. According to respondent, when a case was contested, his partner appeared in court. However, respondent admitted to several instances of active involvement in representation of clients in 1985 in the Maryland courts without complying with the requirements of former Rule 20 of the rules governing admission to the Maryland Bar, covering *pro hac vice* representation.[3] Respondent conferred with the state's attorney about a plea and printed his name on a court document "after a jury demand had been made." He also entered his appearance in a driving under the influence case and accompanied his client to the probation office. Respondent admitted participating in settlement discussions for his father and another client, as well as appearing in court in Howard County with a client who had an outstanding warrant. There are other instances of respondent's court appearances and client representation about which he testified included in the Maryland transcript. Although respondent contends that Mr. Jasen was always with him, he acknowledges his failure to comply with Maryland Rule 20 in connection with some of the court appearances.

Respondent admitted in testimony in the Maryland case that after being contacted by the Committee on Unauthorized Practice of Law in Montgomery County, he signed a letter on November 29, 1985 in which he certified that he would not practice law in the state of Maryland without having been admitted to practice in accordance with Rule 20. Yet, respondent admitted instances in which he violated the rule in 1986 and 1987. On May 12, 1986, respondent wrote a letter to the representative of the Unauthorized Practice of Law Committee in Maryland certifying that he had continued to abide by the certification made on November 29, 1985 in all cases then pending.

However, respondent testified that this statement was not true, and he admitted that he was wrong for not abiding by Rule 20.

Although respondent offered no evidence in defense of his misconduct, he introduced evidence in mitigation of sanctions. Respondent's partner testified on his behalf that many lawyers who are not licensed in a particular jurisdiction confer with clients on legal matters there. Respondent testified that he was responsible primarily for office management in the Maryland office and that he never appeared in court except *pro hac vice*. He also testified that there are law firms in the District which have firm members who are not licensed to practice law in the jurisdiction. Respondent represented that the principal witness against him in an earlier disciplinary proceeding was incredible because he was later found to be an alcoholic.[4] Respondent promised not to engage in the practice of law in Maryland without complying with the applicable Maryland rule.

The Board determined that respondent's testimony alone was sufficient to prove the violation by clear and convincing evidence. However, the Board took the position that the Committee was not restricted to consideration of only the Maryland trial transcript, but that it could consider the Circuit Court's factual findings and the decision of the Court of Appeals. The Board recommended that respondent be suspended for a period of nine months with a requirement of proof of fitness for reinstatement. In recommending the sanction, the Board considered the seriousness of respondent's misconduct, his record of prior discipline, his repeated and intentional violation of the requirements for practice in Maryland, and the absence of factors in mitigation.

---

3. The rule governing special admission of out-of-state attorneys, formerly Rule 20, is now Rule 14. *See* MD.CODE ANN., RULES GOVERNING ADMISSION TO THE BAR OF MARYLAND, Rule 14 (1991).

4. The principal witness against respondent was his former law partner, Van Powers, who was involved in a disciplinary proceeding in Maryland in which the Maryland court suspended,

rather than disbarred Powers because his violations were related to alcoholism and depression. *See Maryland v. Powers*, 314 Md. 484, 551 A.2d 465 (Md.1989). We deem it inappropriate in this proceeding to reevaluate the credibility of a witness in a prior case against respondent based on such information.

## II.

■■■ Respondent argues that the Maryland transcripts should not have been admitted into evidence by the Committee on remand because they are hearsay. We reject this argument. Disciplinary hearings are not governed by strict rules of evidence. *In re Shillaire*, 549 A.2d 336, 343 (D.C.1988). The Board's Rule 11.2 provides:

> Evidence that is relevant, not privileged, and not merely cumulative shall be received, and the Hearing Committee shall determine the weight and significance to be accorded all items of evidence upon which it relies. The Hearing Committee may be guided by, but shall not be bound by the provisions or rules of court practice, procedure, pleading, or evidence, except as outlined in these rules or the Rules Governing the Bar.[5]

Respondent's testimony under oath before the Circuit Court of Montgomery County was admissible evidence under the foregoing rule. *See Shillaire, supra,* 549 A.2d at 343. Respondent was given a full opportunity to refute this evidence, and he declined to do so. We find no error in the Board's determination that respondent's sworn testimony in a separate proceeding was admissible as evidence in this proceeding.

■■■ Respondent also argues that his testimony alone is not sufficient to establish by clear and convincing evidence that he violated DR 3–101(B). He contends that the testimony is based upon exhibits which form no part of the evidentiary record and that he merely acknowledged unintentional actions in the portions of the testimony relied upon. Although the exhibits were not included in the record, respondent's testimony provides sufficient evidence of his conduct which violated Maryland Rule 20. Assuming that intent is an essential requirement of proof of the violation, substantial evidence supports that determination. Respondent admitted several violations of the Maryland rule before being contacted by the Unauthorized Practice of Law Committee of Montgomery County. Although respondent agreed in writing to desist from such conduct and to comply with Rule 20 in the future, he admits he failed to do so in some of his cases. Respondent also testified that his subsequent certification to that effect was not true, and thereafter, he violated Rule 20 more than once. The circumstances surrounding appellant's continuous violations of the rule after admonition and his promises are persuasive evidence from which the factfinder could conclude that his conduct was intentional. The Board found this evidence clear and convincing that respondent practiced law in Maryland in violation of Maryland's rules governing practice.[6] This court must accept the Board's findings of fact unless they are unsupported by substantial evidence in the record. D.C.Bar R. XI, § (7)(3); *In re Gilchrist*, 488 A.2d 1354, 1357 (D.C.1985); *In re Thompson*, 478 A.2d 1061, 1063 (D.C.1984); *In re Alexander*, 466 A.2d 447, 448 (D.C.1983), *cert. denied*, 466 U.S. 904, 104 S.Ct. 1680, 80 L.Ed.2d 154 (1984). The record persuades us that the Committee's findings, which were accepted by the Board, are supported by substantial evidence.[7]

**5.** No other Bar rule requires exclusion of the evidence.

**6.** *Respondent argues that the Committee relied upon an improper standard of proof, i.e., proof beyond a reasonable doubt. Even though the Committee used the language in its supplemental report, it does not invalidate its ruling, since the standard articulated is greater than the clear and convincing standard required for disciplinary proceedings. See In re K.A., 484 A.2d 992, 995 (D.C.1984) (clear and convincing evidence lies between preponderance of evidence and proof beyond a reasonable doubt). Moreover, the Committee and the Board made clear that it* found the clear and convincing evidence standard met in this case.

**7.** We agree with the Board that respondent's testimony in the Maryland proceeding, upon which the Committee relied, is sufficient to support the finding of misconduct by clear and convincing evidence. The Board's reference to the Maryland Court of Appeals' decision and the findings of fact and conclusions of law of the Maryland Circuit Court as "persuasive as well" does not render erroneous the Board's decision. The Board could look to the decision of the Maryland Court to determine as a matter of law the type of actions which violated the Maryland

### III.

■ The Board recommended that respondent be suspended for nine months with proof of fitness required for reinstatement. The Board's recommended sanction is based upon (1) the aggravating factors of respondent's previous discipline; (2) the relatively constant nature of respondent's discipline just after he was admitted to the District Bar in 1978; (3) respondent's showing of "seeming disdain" for the system of rules governing the legal profession; and (4) the similarity of this case with the case of *In re Rosen*, 570 A.2d 728 (D.C.1989). This court is required by D.C.Bar R. XI, § 9(g) to adopt the Board's recommended disposition unless it would foster sanctions inconsistent with those in cases involving comparable conduct or would be unwarranted otherwise. *In re Hutchinson*, 534 A.2d 919, 924 (D.C.1987). Although the ultimate decision rests with the court, considerable deference is given to the Board's recommendation. *Id.*

■ To determine the appropriate discipline, various factors must be considered, including the nature of the violation, mitigating or aggravating factors, protection of the public, the courts and legal profession, and the moral fitness of the attorney to practice law. *Id.* The Board appropriately considered these factors in making its recommendation. The Board took into account respondent's prior disciplinary case, and his attitude and lack of understanding of the wrongfulness of his conduct. Respondent had an informal admonition in 1979 for the violation of DR 6–101(A)(3) (neglect), DR 6–101(A)(1) and (2) (failure to seek a client's lawful objectives and failure to carry out contract of employment), and

DR 9–102(B)(4) (failure to promptly pay or deliver client funds). He was suspended for ninety days in 1988 for three violations of DR 1–102(A)(4) [8] and one violation of DR 3–101(B) (practicing law while suspended). *Kennedy I, supra* note 8, 542 A.2d at 1226–28.

No real mitigating factors were shown by respondent. The recommendation was made with the "view toward treating comparable misconduct in a consistent manner." *In re Thompson, supra*, 478 A.2d at 1064. The Board cited several cases in support of its determination including: *In re Washington*, 489 A.2d 452 (D.C.1985); *In re Terrell*, 87–947 (D.C.App. June 23, 1988); and *In re Willis*, 87–1305 (D.C.App. December 1, 1988). The discipline recommended in respondent's case falls within the parameters of these cases.[9]

Respondent's misconduct may also be compared with that of *In re Rosen, supra*. In *Rosen*, the attorney was suspended for nine months and required to prove fitness before reinstatement where the attorney was found to have violated DR 1–101(A) by misrepresenting material facts in applying for admission to the Maryland Bar. Here respondent's misrepresentation to the Unauthorized Practice of Law Committee in Maryland about his adherence to his earlier certifications that he would comply with the rules is similar and not reassuring. Respondent's misconduct continued over a period of years in spite of admonitions. Under the circumstances, a fitness determination is necessary to protect the public interest. Given the current violation, the court is of the view that the recommended sanction is appropriate in light of the rele-

rule on unauthorized practice. We need not consider the matter further in view of the Board's reliance upon the transcript of respondent's testimony as clear and convincing evidence that respondent practiced law in Maryland in violation of the Maryland rule against unauthorized practice.

8. This violation involved respondent's failure to remit a retainer fee of a client to his law firm, instructing another client to send a fee to a new office and misrepresenting his salary in seeking a loan. *In re Kennedy*, 542 A.2d 1225, 1227 (D.C.1988) (hereinafter *"Kennedy I"*).

9. We reject respondent's contention that discipline in his case should be the same as the discipline imposed in the case of Edward Jasen, his partner. There is no showing that the conduct involved was the same, that Jasen offered no factors in mitigation nor that he had the same history of prior misconduct. We also reject respondent's claims that his sanction should be mitigated because other lawyers engage in similar misconduct or that he will suffer economic damage by the sanction.

vant factors. *See Hutchinson, supra,* 534 A.2d at 924.

It is therefore ORDERED, that respondent, Thomas F. Kennedy, is suspended from the practice of law in the District of Columbia for a period of nine months effective thirty days from the date of this opinion, with the requirement that he seek reinstatement before readmission.