## In re Herbert T. NELSON, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 94–BG–1533.

District of Columbia Court of Appeals.

May 20, 1996.

Before FERREN and REID, Associate Judges, and BELSON, Senior Judge.

### ORDER

PER CURIAM:

On December 19, 1994, upon consideration of the certified copy of the orders of the Circuit Court for Prince George's County, Maryland, enjoining respondent from the practice of law in Maryland, and the United States District Court for the District of Maryland, suspending respondent, and pursuant to Rule XI, § 11(d) of the Rules Governing the Bar of the District of Columbia, we ordered respondent suspended from the practice of law in the District of Columbia pending final disposition of this proceeding. On November 13, 1995, the Board on Professional Responsibility filed a report and recommendation that the respondent be suspended indefinitely, based on the action of the Circuit Court for Prince George's County, Maryland, enjoining him from practicing law in Maryland until a psychologist or psychiatrist certifies that he is able to resume his activities as an attorney. Subsequently, the Board notified this court of action taken on December 4, 1995, by the Court of Appeals of Maryland suspending respondent indefinitely by consent from the practice of law in Maryland.

1. Rule XI, § 13(e) provides in pertinent part:
   If, in the course of a disciplinary proceeding, the attorney claims to be suffering from a disability because of mental or physical illness or infirmity, ... which makes it impossible for the attorney to present an adequate defense, the Court shall enter an order immediately suspending the attorney from the practice of law until a determination is made of the attorney's capacity to practice law under subsection (c) of this section.

2. Rule XI, § 13(g) provides in part:

As we said in *In re Eileen O'Brien,* 665 A.2d 662 (D.C.1995), "[w]e treat [suspension by another jurisdiction] as one warranting reciprocal discipline and that the functionally identical discipline—indefinite voluntary suspension with reinstatement conditioned upon a showing of fitness—may be imposed pursuant to D.C. Bar R. XI, § 13(e)," *Id.* at 662, (citing *In re Samuels,* 648 A.2d 943 (D.C. 1994)).[1] Accordingly, pursuant to the Report and Recommendation of the Board on Professional Responsibility, to which respondent has filed no exception, it is

ORDERED that respondent, Herbert T. Nelson is hereby suspended indefinitely from the practice of law in the District of Columbia. Reinstatement shall be governed by the terms of D.C. Bar R. XI, § 13(g).[2] It is

FURTHER ORDERED that respondent, Herbert T. Nelson shall file the affidavit required by D.C. Bar R. XI, § 14(g).

An attorney suspended under this section may apply for reinstatement once a year, or at such shorter intervals as the Court may direct in its order of suspension or any modification thereof.... An application for reinstatement under this subsection shall be granted by the Court upon a showing by the attorney, by clear and convincing evidence, that the disability has ended and that the attorney is fit to resume the practice of law.