**In re Carole A. JEFFRIES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1522.**

District of Columbia Court of Appeals.

Argued Nov. 25, 1996.

Decided Dec. 12, 1996.

---

Before WAGNER, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

PER CURIAM:

Respondent, Carole A. Jeffries, a member of the District of Columbia Bar and the bar of the state of Maryland, was placed on indefinite suspension by consent by the Court of Appeals of Maryland effective October 17, 1995. On November 16, 1995, this Court entered an order suspending respondent from the practice of law in the District of Columbia and requiring the Board on Professional Responsibility (Board) to recom-

1. Rule XI, § 14(g) provides in pertinent part as follows:

mend whether reciprocal discipline should be imposed or whether a *de novo* proceeding should be conducted pursuant to D.C. Bar Rule XI, § 11. The Board has filed a report recommending the imposition of reciprocal discipline consisting of indefinite suspension with the requirement of proof of fitness before reinstatement. *See* D.C. Bar Rule XI, § 13(g). Neither Jeffries nor Bar Counsel has filed exceptions to the Board's report and recommendation; therefore, our review of the recommended sanction is especially deferential. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). We adopt the Board's recommendation.

**I.**

According to a Joint Petition for Indefinite Suspension by Consent (Joint Petition), filed in the Maryland proceeding by respondent and the Attorney Grievance Commission, respondent was the subject of three complaints alleging lack of diligence, failure to communicate and failure to withdraw from representation when physically or mentally impaired in violation of the Maryland Rules of Professional Conduct 1.3, 1.4, 1.16(a)(2) and 8.4(d). Respondent and the Attorney Grievance Commission consented to an indefinite suspension, with the right of respondent to reapply no earlier than one year from the effective date of suspension with the following conditions for reinstatement: (1) a report of competence to practice from a health care professional; and (2) readmission under the supervision of an attorney practice monitor for a period of two years with monthly reports to the Maryland Bar.

**II.**

Reciprocal discipline is imposed unless the attorney demonstrates, by clear and convincing evidence, that one or more of the exceptions enumerated in Rule XI applies. D.C. Bar R. XI § 11(c). In this case, respondent has not participated in the proceedings, and there is no evidence of record that she has complied with the requirements of D.C. Bar Rule XI, § 14(g).[1] The record contains no elaboration concerning respondent's health or the circumstances which resulted in her

Within ten days after the effective date of an order of disbarment or suspension, the dis-

indefinite suspension by consent from the Maryland Bar. We have stated that

> [W]e treat [suspension by another jurisdiction] as one warranting reciprocal discipline and that the functionally identical discipline—indefinite voluntary suspension with reinstatement conditioned upon a showing of fitness—may be imposed pursuant to D.C. Bar XI, § 13(e).

*In re Nelson,* 677 A.2d 509 (D.C.1996) (citations and internal quotation marks omitted).

The Board recommends that the Court impose reciprocal discipline of indefinite suspension, with reinstatement conditioned upon a showing of fitness pursuant to D.C. Bar Rule XI, § 13(g) (suspension upon claim of disability by attorney). However, unlike the Maryland order, the Board does not recommend a practice monitor at this time because appropriate conditions can be recommended at the time that respondent petitions for reinstatement upon a showing of fitness. Under the circumstances of this case, we will accord deference to the Board's recommendation. Therefore, it is

ORDERED, that Carole A. Jeffries, hereby is suspended indefinitely from the practice of law in the District of Columbia with the requirement of proof of fitness before reinstatement pursuant to D.C. Bar Rule XI, § 13(g). It is

FURTHER ORDERED that respondent shall not be eligible to apply for reinstatement before one year from the date that respondent files an affidavit pursuant to D.C. Bar Rule XI, § 14(g).

*So ordered.*

barred or suspended attorney shall file with the Court and the Board an affidavit:

(1) Demonstrating with particularity, and with supporting proof, that the attorney has fully complied with the provisions of the order and with this rule;

(2) Listing all other state and federal jurisdictions and administrative agencies to which the attorney is admitted to practice; and

(3) Certifying that a copy of the affidavit has been served on Bar Counsel. The affidavit shall also state the residence or other address of the attorney to which communications may

thereafter be directed. The Board may require such additional proof as it deems necessary. In addition, for five years following the effective date of a disbarment or suspension order, a disbarred or suspended attorney shall continue to file a registration statement in accordance with Rule II, stating the residence or other address to which communications may thereafter be directed, so that the attorney may be located if a complaint is made about any conduct of the attorney occurring before the disbarment or suspension. See also section 16(c).