*No. 95–CO–1449: Case is remanded for further proceedings.*

---

**In re Steven SPIEGELMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–1006.**

District of Columbia Court of Appeals.

Submitted April 22, 1997.
Decided May 8, 1997.

---

Before STEADMAN and KING, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility ("Board") recommends this court impose on respondent a one-year suspension from the practice of law in the District of Columbia, with a requirement that he demonstrate fitness before resuming practice, as reciprocal discipline following respondent's exclusion from the practice of law in Maryland by the Maryland Court of Appeals pursuant to Rule BV 13b of the Rules of that court. Respondent has filed no opposition to this recommendation and Bar Counsel has informed the court that it takes no exception.

Accordingly, pursuant to D.C. Bar R. XI, 11(f), we adopt the Board's Report and Recommendation,[1] a copy of which is attached, to suspend respondent for one year from the practice of law in the District of Columbia,

with a requirement that he demonstrate fitness before resuming practice.[2]

*So ordered.*

### APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of

Steven Spiegelman, Esq.,

Respondent.

Bar Docket No. 236–96.

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal discipline matter arising from a decision of the Maryland Court of Appeals excluding Respondent from the privilege of practicing law in Maryland pursuant to Rule BV 13b of the Rules of that Court. Respondent is a member of the District of Columbia and Pennsylvania bars, but not of the Maryland bar. On August 6, 1996, the District of Columbia Court of Appeals ordered the Board to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board elects to proceed *de novo* pursuant to Court of Appeals Rule 11, § 11.

Bar Counsel urges the Board to impose reciprocal discipline, and argues that disbarment would constitute identical discipline here. The Respondent argues that exceptions to the imposition of reciprocal discipline apply. We conclude that reciprocal discipline is appropriate, but that disbarment is not appropriate under Rule 11, § 11.

1. Because we have repeatedly said that our review of the Board's recommendation, when neither Bar Counsel nor the respondent takes exception, is especially deferential, and because this is a reciprocal discipline matter in which we impose a sanction for conduct that occurred elsewhere, we adopt the recommendation of the Board. *See In re Jeffries*, 685 A.2d 1165 (D.C. 1996) (special deference given to recommendation of Board where Bar Counsel and respondent do not object); *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995) (same); *In re Kennedy*, 605 A.2d 600, 604 (D.C.1992) (conduct occurred in Maryland; "considerable deference" given to Board's recommendation). However, we consider respondent's actions to be serious violations of the disciplinary rules which might have called for a greater sanction had the conduct occurred

in the District, where respondent, unlike in Maryland, is a member of the Bar. *See In re Goffe*, 641 A.2d 458 (D.C.1994) (D.C. attorney sanctioned for dishonesty; Board recommended one-year suspension; Bar Counsel sought three-year suspension; court ordered disbarment). Nonetheless, with some reluctance, we adopt the Board's recommendation largely because Bar Counsel has not urged a more severe sanction upon us, and because of the very limited precedential value of such uncontested impositions of discipline.

2. We direct Spiegelman's attention to the requirements of D.C. Bar R. XI, § 14 (relating to disbarred and suspended attorneys) and to § 16 (relating to eligibility for reinstatement).

*The Underlying Misconduct.* The Maryland disciplinary petition was tried in the Circuit Court for Montgomery County. The findings entered by that court were affirmed by the Maryland Court of Appeals. They show the following:

*First Complaint.* Respondent practiced law in partnership with a member of the Maryland bar. The firm had offices in Maryland and the District of Columbia. In 1989, Respondent accepted two cases from a client named Gloria L. Sotsky. One case involved a claim against PEPCO, and the other involved an automobile accident. Both were brought in the Montgomery County Circuit Court.

In the PEPCO case, Respondent prepared the complaint for filing, including drafting it in final form, and signed his name and his partner's to the complaint. He prepared a jury demand and signed his partner's name to it before filing. He also prepared a complaint regarding the accident claim. Respondent's partner, who was a member of the Maryland bar, never saw or worked on these documents and never authorized Respondent to sign his name.

At some later point, Respondent determined that neither case was worth pursuing, and he failed to devote further time and attention to them. The claim against PEPCO was dismissed for Respondent's failure to respond to discovery. Ms. Sotsky neither knew nor consented to Respondent's abandonment of the case. Respondent failed to notify Ms. Sotsky of the dismissal after the fact. Respondent also failed to inform Maryland Bar Counsel of the dismissal during the investigation, and attempted to mislead Bar Counsel about his handling of the case. Respondent fabricated notes and a follow-up letter confirming a non-existent conversation with the client regarding dismissal of the case.

The Maryland Court of Appeals concluded that Respondent violated Rules 1.1 (failing to provide competent representation), 1.3 (failing to act with reasonable diligence and promptness), 1.4 (failing to keep the client reasonably informed and to comply with rea-

sonable requests for information), 3.4 (failing to respond to discovery), 5.5 (unauthorized practice), 8.1 (knowingly making false statements to Bar Counsel), and 8.4 (engaging in practice in Maryland without a license). The Court concluded that it had jurisdiction to consider the complaint under its Rule 8.5, because Respondent had subjected himself to Maryland discipline by his actual practice in Maryland matters, despite his lack of a Maryland license or bar membership.

*Second Complaint.* In 1989, Respondent accepted the representation of a client, Leslie B. Garber, in connection with a personal injury claim arising out of an accident. Respondent's partner never supervised Respondent's handling of this matter. Respondent negotiated a settlement of $17,500 with the insured. Respondent signed an Authorization and Agreement with a medical provider, but disbursed the settlement funds without paying the medical provider, due to an "administrative snafu" that resulted in the Authorization and Assignment being misplaced. About a year later, the medical provider learned that its bill for $585 had not been paid although there had been a settlement, and it contacted Respondent. Respondent denied having the Authorization and Agreement in his file, and when confronted with the document, denied that he had signed it. The Maryland Court of Appeals found that this denial was not knowingly false, but was based on an assumption by Respondent because he did not have the document in his file. Respondent did, however, falsely state in the disciplinary process that he was not sure whether he signed the document.

The Court of Appeals concluded that the conduct violated Rules 5.5 (unauthorized practice), 8.1 (making false statements in the disciplinary process), and 8.4 (practice in Maryland without a license).

Upon consideration of all of these matters, the Court of Appeals ordered: "The Clerk of this Court shall forthwith place the name of Steven Spiegelman on a list maintained in this Court of non-admitted attorneys who are excluded from exercising in any manner the privilege of practicing law in this state and shall forward a copy of this opinion to the State Court Administrator to be maintained

with his docket of attorneys who are denied special admission to practice in this state."

**Analysis of Reciprocal Discipline.** Identical discipline will be imposed in this jurisdiction on Respondent, who is a member of the District of Columbia Bar, unless the Respondent demonstrates, by clear and convincing evidence, that one of the exceptions stated in D.C.App. Rule 11, § 11(c) applies. There is a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). The exceptions are:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

The Maryland procedure clearly provided Respondent with due process and was fair as to proof. Respondent's misconduct in Maryland also constitutes misconduct in the District of Columbia. Respondent urges, however, that the order prohibiting his appearance in Maryland is not the equivalent of disbarment in the District of Columbia, and, in essence, that it would be a grave injustice for reciprocal discipline to be imposed. The Board agrees.

The goal of the Maryland court in disciplining Respondent, once it concluded that he had engaged in unauthorized practice and mishandled matters there, was to keep Respondent out of its court system. The Maryland system imposed discipline designed to protect its courts and citizens from further unauthorized practice by Respondent. Respondent had used deception to practice there, and so the opportunity for special admission, a privilege to be accorded not routinely but as an exception, now is closed to Respondent. The goal and interest of the District of Columbia discipline system is different. While Respondent should be disciplined here for the significant misconduct found in Maryland, he has a license to practice here. The District of Columbia Court does not have the same interest in protecting itself and the District's citizens from *any* practice by Respondent. The Board submits that the interest in the District of Columbia in disciplining Respondent extends only to imposing a sanction within the range of sanctions imposed here for the same misconduct in an original jurisdiction case. To impose disbarment here because the Maryland Court had the added motive of protecting itself from unauthorized practice would work a grave injustice.

Bar Counsel argues that disbarment is appropriate in this case because the Court has imposed disbarment in serious cases involving dishonesty and misrepresentation, citing *In re Goffe,* 641 A.2d 458 (D.C.1994), and *In re Gil,* 656 A.2d 303 (D.C.1995). The Board concludes that these cases are far afield because they involved much more pervasive, deliberate and fraudulent deceptions. In *Gil,* the respondent engaged in criminal conduct by systematically looting a friend's bank accounts based on falsely notarized documents, while she rushed to care for her dying father. The respondent in *Gil* spent the money on himself, including buying himself a BMW. In *Goffe,* the Court found that the respondent falsified evidence and lied under oath in a representation before the IRS. Respondent then lied to a court and to the hearing committee about the falsified evidence. Goffe also fabricated documents in connection with a real estate dispute with a neighbor. The Court disbarred the respondent in *Goffe,* because of the egregious and repeated nature of the misconduct, the need to protect the public and the judicial system, and the absence of·mitigating circumstances or recognition by Respondent of the seriousness of the offense. 641 A.2d at 464.

Although disbarment is inappropriate, Respondent's misconduct warrants a substantial sanction. It involved two clients and several matters. On one matter, the client lost a claim. Respondent was not candid during the disciplinary investigation, and he fabricated evidence for the hearing in Maryland. All of these matters involved unauthorized practice in Maryland. Respondent previously received an informal admonition from Bar Counsel for a violation of Rule 7.1(b)(5) (improper solicitation of clients).

We take guidance from *In re Kennedy*, 605 A.2d 600 (D.C.1992), which also involved several instances of unauthorized practice in Maryland. The respondent in Kennedy misrepresented to the Maryland Committee on the Unauthorized Practice of Law that he had ceased his practice there. The Court in *Kennedy* imposed a nine-month suspension, with a requirement that he prove fitness before reinstatement, in light of respondent's fairly continuous unauthorized practice, apparent disdain for the disciplinary process, and prior disciplinary history. The Court cited *In re Rosen*, 570 A.2d 728 (D.C.1989), in which it ordered a nine-month suspension on a finding of reckless misrepresentation on an application for admission to the Maryland bar. Rosen had sworn in a Maryland bar application that no disciplinary complaints were pending against him, when various complaints had been filed.

While *Kennedy* and *Rosen* are useful, they lack an important element that exacerbates the situation here: the Rule 1.1, and 1.3 and 1.4 violations in the Sotsky matters. A client was prejudiced here, which was not true in *Kennedy* or *Rosen*. The Board recommends a suspension of one year with a requirement that Respondent show fitness before reinstatement. *See In re Tinsley*, 582 A.2d 1192 (D.C.1990) (one-year suspension, with showing of fitness for reinstatement, for improper handling of six client matters that included intentional failures to seek client objectives, neglect, and conduct prejudiced to the administration of justice); *In re O'Donnell*, 517 A.2d 1069 (D.C.1986) (one-year suspension for similar pattern of misconduct). While the misconduct in handling individual client matters here was not as extensive as in *Tinsley* and *O'Donnell*, when coupled with the unauthorized practice and misrepresentations, a one-year suspension is warranted.

The Board recommends that a fitness showing is appropriate due to Respondent's lack of candor in the disciplinary process and his failure to acknowledge the wrongfulness of his conduct. *See In re Ryan*, 670 A.2d 375 (D.C.1996). The record before us shows no amends made by Respondent. These are factors that will bear on the reinstatement inquiry under *In re Roundtree*, 503 A.2d 1215 (D.C.1985). *See In re Chisholm*, 679 A.2d 495, 503 (D.C.1996).

## CONCLUSION

For the foregoing reasons, the Board recommends that a suspension of one year, with a requirement that Respondent show fitness before resuming practice in the District of Columbia, be imposed as reciprocal discipline. As of the date of this Report and Recommendation, Respondent has not filed the affidavit required by Rule XI, § 14(g).

BOARD ON PROFESSIONAL
RESPONSIBILITY

By: /s/
Patricia A. Brannan
Vice Chair

Dated: January 13, 1997

All members of the Board concur in this Report and Recommendation except Ms. Zumas, who did not participate.