## In re Lloyd UKWU, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 97–BG–1874.

District of Columbia Court of Appeals.

Submitted May 5, 1998.
Decided May 28, 1998.

practiced law during the period in question."

Before KING and RUIZ, Associate Judges, and GALLAGHER, Senior Judge.

## PER CURIAM.

The Board on Professional Responsibility ("Board") recommended that Lloyd Ukwu be suspended for thirty days for a violation of Rule 1.15(a) RULES OF PROFESSIONAL CONDUCT (1997), for commingling client funds with his own funds and for failing to maintain proper financial records. The Board also recommended that the sanction be suspended and respondent be placed on probation with the following conditions:

(1) that respondent file with the Board, within thirty days of the date of the court's order imposing discipline: (a) a statement that he accepts the conditions of probation set forth herein, and (b) certification that he has arranged for an evaluation by the District of Columbia Lawyer Practice Assistance Committee ("LPAC") concerning respondent's office practice with respect to maintaining proper financial records in compliance with the requirements of Rule 1:15(a);

(2) that respondent consent to and participate in a program that LPAC may recommend as a reasonable measure to ad-

*Id.* (citations omitted).

dress deficiencies in respondent's financial record keeping practices;

(3) that respondent file a copy of LPAC's recommendation with the Board and Bar Counsel immediately upon completion of the LPAC assessment; and

(4) that respondent file with the Board and Bar Counsel a report on the status of his compliance with LPAC's recommendations no later than six months after his filing of LPAC's recommendation.

The Board also recommends that respondent's probation last one year, or until he files with the Board certification that he has satisfied LPAC'S corrective measures, whichever period is shorter. If respondent objects to the reasonableness of any of the LPAC recommendations, he should make an appropriate filing with the Board, and the Board may modify or eliminate the requirement to comply with that recommendation. If Bar Counsel has cause to believe that respondent has not complied with LPAC's recommendation, he may file a motion to show cause with the Board seeking termination of respondent's probation and imposition of the underlying 30-day suspension. If the Board finds any intentional failure to comply with the terms of the LPAC recommendation, the probation shall be revoked immediately and the previously stayed 30-day suspension shall be reinstated and become effective ten days after the date the Board submits to the court its Report that respondent has violated the terms of probation. The Board further recommends that the court specify that respondent's communications with LPAC be subject to disclosure in order to implement the court's order imposing probation.

Pursuant to the provisions of D.C. Bar R. XI § 9(g) (1997), this court must "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." The deferential standard mandated by this provision becomes even more deferential where, as here, neither Bar Counsel nor Ukwu has asked us not to impose the discipline recommended by the Board. *See, e.g., In re Ray,* 675 A.2d 1381, 1385 (D.C.1996). Accordingly, Lloyd Ukwu is suspended from the practice of law in the District of Columbia for thirty days; however, that sanction is suspended and respondent is placed on probation with all the conditions and recommendations of the Board set forth above.

*So Ordered.*