**In re Paul C. BLAND, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 98–BG–47.

District of Columbia Court of Appeals.

Submitted June 9, 1998.

Decided July 23, 1998.

Before TERRY, STEADMAN and SCHWELB, Associate Judges.

PER CURIAM.

Before us is a Report and Recommendation by the Board on Professional Responsibility that respondent Paul C. Bland be publicly censured. Although his practice is otherwise exclusively located in Petersburg, Virginia, respondent agreed to handle a worker's compensation matter in the District for his first cousin,[1] in the course of which he was found to have committed violations of ten disciplinary rules.[2] The Board agreed with the Hearing Committee's assessment that "[a]t bottom, the violations found reduce to facets of neglect by respondent in the course of a single representation and to use of a misleading letterhead."[3] The Board also noted, among other matters, respondent's previously unblemished record and the conclusion that respondent's inaction "was more a product of respondent's wishful thinking or bad judgment than a disregard of his client's interest."[4] The Board noted its intent that a "public censure would send the message that this Court and the general public have the right to expect that all members of this Bar will follow the rules of this Court and diligently prosecute cases that are filed in this jurisdiction, regardless of where the attorney lives and practices and regardless of the amount of the legal fee received in the performance of legal services."

We adopt the Board's unanimous recommendation that respondent be publicly censured. *See In re Hill,* 619 A.2d 936, 937 (D.C.1993) (per curiam) (adopting Board's recommended sanction of public censure for neglect where no exceptions filed). While "a

---

1. The testimony was in conflict whether this representation was gratis or for a contingent fee. In any event, respondent never received any compensation.

2. Specifically, the violations were of Rules 1.1(a) (failure to provide competent representation); 1.1(b) (failure to serve with skill and care); 1.3(a) (failure to diligently represent client); 1.3(c) (failure to act with reasonable promptness); 1.4(a) (failure to keep client informed); 1.4(b) (failure to explain matters to client); 1.16(b) (attempting to withdraw against client's interests); 1.16(d) (failure to protect client's interests when attempting to withdraw); 3.4(c) (disobeying court rules); and 3.4(d) (failure to comply with discovery re-

quests). The Board took particular note that the violations did not include 1.3(b) (intentional neglect) or 8.4(c) (dishonesty or misrepresentation).

3. This eleventh violation involved a letterhead that read "Paul Bland & Associates" at a time when in fact he had no associates, thus violating Rule 7.5.

4. The Hearing Committee nonetheless recommended a thirty-day suspension because of what it viewed as respondent's lengthy period of neglect and actual prejudice to the client. The Board disagreed with both of these views of the record.

more severe sanction may not have been unreasonable[, n]either Bar Counsel nor [respondent] has filed an exception to the Board's Report, ... and our review of the Board's recommendation is [thus] narrowly circumscribed." *In re Shorter*, 707 A.2d 1305, 1306 (D.C.1998) (per curiam). "As we have repeatedly said, in such circumstances our review of the Board's recommendation is 'especially deferential.'" *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997) (quoting *In re Jeffries*, 685 A.2d 1165, 1165 (D.C.1996) (per curiam)). *See also In re Ukwu*, 712 A.2d 502, 503 (D.C.1998) (per curiam).[5] Accordingly, it is

ORDERED, that respondent Paul C. Bland, a member of the bar of this court, be and he hereby is publicly censured by the court.

*So ordered.*

---

5. D.C.Bar R. XI, § 9(g)(2) provides that in an original discipline case "[w]hen no exceptions are filed [to the Board's Report and Recommendation] ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." This subsection does not apply where the recommended discipline includes a showing of fitness before reinstatement nor "for any case in which the Court directs otherwise."

In the context of a Board recommendation involving reciprocal discipline to which no exceptions were filed, we have noted "the very limited precedential value of such uncontested impositions of discipline." *In re Spiegelman*, 694 A.2d 59, 60 n. 1 (D.C.1997) (per curiam).