### In re Lloyd D. IGLEHART, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

#### No. 00–BG–917.

District of Columbia Court of Appeals.

Sept. 14, 2000.

**204**

Before TERRY, SCHWELB, and GLICKMAN, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("the Board") has found that respondent, Lloyd D. Iglehart, violated the District of Columbia Rules of Professional Conduct by failing to maintain adequate trust account records and by commingling,

---

1. A hearing committee also found that respondent misappropriated client funds. The Board concluded, however, that Bar Counsel

in his trust account, his own funds with settlement proceeds belonging to a client and a third party.[1]  The Board has recommended that respondent be suspended for thirty days.  Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation, and respondent has not filed any exceptions to the Board's report and recommendation.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record.  D.C. Bar Rule XI, § 9(g)(1).  Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted."  *Id.* The lack of any exceptions to the Board's report and recommendation increases our already substantial deference to the Board.  D.C. Bar Rule XI, § 9(g)(2); *see In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

We find substantial support in the record for the Board's findings, and accordingly we accept them.  Likewise, we adopt the sanction recommended by the Board, since it is not inconsistent with discipline imposed in similar cases.  *See, e.g., In re McGann,* 666 A.2d 489 (D.C. 1995); *In re Ross,* 658 A.2d 209 (D.C. 1995).  Accordingly, it is

ORDERED that Lloyd D. Iglehart is suspended from the practice of law in the District of Columbia for a period of thirty days, effective thirty days from the date of this opinion.  We direct respondent's attention to the requirements of D.C. Bar Rule XI, § 14, and to the consequences of non-compliance set forth in D.C. Bar Rule XI, § 16(c).

did not prove this charge by clear and convincing evidence.