*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-324

IN RE SHARON STYLES ANDERSON, RESPONDENT.

FILED 05/24/2018
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 412158)

On Report and Recommendation of the Board on
Professional Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN 010-17)

(Decided: May 24, 2018)

Before FISHER and BECKWITH, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee (the Committee) recommends approval of an amended petition for negotiated attorney discipline. The violations stem from respondent Sharon Styles Anderson's professional misconduct arising from her representation of two separate clients and failure to

respond to the Office of Disciplinary Counsel during its investigations.

Respondent acknowledged she (1) failed to provide competent representation and serve a client with skill and care; (2) failed to zealously and diligently represent a client; (3) failed to act with reasonable promptness; (4) failed to keep a client reasonably informed; (5) failed to explain matters to a client; (6) failed to take the proper steps in connection with the termination of representation of a client; (7) engaged in the unauthorized practice of law; (8) failed to respond to a lawful demand for information from Disciplinary Counsel; (9) engaged in dishonesty; and (10) seriously interfered with the administration of justice, thereby violating Rules 1.1 (a) & (b), 1.3 (a) & (c), 1.4 (a) & (b), 1.16 (d), 5.5 (a), 8.1 (b), and 8.4 (c) & (d) of the District of Columbia Rules of Professional Conduct. Additionally, she failed to comply with an order of Disciplinary Counsel in violation of D.C. Bar Rule XI § 2 (b)(3). Although respondent previously engaged in similar misconduct, which the Committee found a significant aggravating factor, it considered the following circumstances in mitigation: (1) respondent took full responsibility and demonstrated remorse for her actions; (2) respondent suffered from health and family problems; and (3) respondent established a mental health support system. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a one-year suspension, concurrent to any other disciplinary suspension that she may be serving on the date of this opinion,

with reinstatement conditioned upon demonstrating fitness to practice law, *see* D.C. Bar R. XI § 16, and payment of the agreed upon restitution.[1] After reviewing the amended petition for negotiated discipline, considering a supporting affidavit, and conducting a limited hearing, the Committee concluded that the amended petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a one-year suspension from the practice of law, with the conditions for reinstatement stated above, is not unduly lenient considering the existence of mitigating factors and the discipline imposed by this court for somewhat similar actions.[2]

---

[1] As set forth in the Committee's Report and Recommendation, respondent shall pay $2,900 in restitution, with interest calculated at the statutory rate. The date interest will begin to accrue will be determined during the reinstatement proceeding.

[2] *Cf. In re Carter*, 11 A.3d 1219 (D.C. 2011) (suspending an attorney from the practice of law for eighteen months and conditioning reinstatement on the demonstration of fitness to practice law, proof of restitution, and cooperation with Disciplinary Counsel after the attorney failed to attend hearings, missed deadlines, failed to act on behalf of clients, and did not cooperate with Disciplinary Counsel); *In re Schoeneman*, 891 A.2d 279 (D.C. 2006) (imposing a four-month suspension for an attorney who neglected three clients in federal court for over a two-year period, misled the clients about the status of their cases, and engaged in the

(continued…)

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Sharon Styles Anderson is hereby suspended from the practice of law in the District of Columbia for one year, *nunc pro tunc* to September 15, 2017.[3] Respondent's reinstatement is conditioned upon demonstrating fitness to practice law pursuant to D.C. Bar R. XI § 16 and payment of $2,900 in restitution, with interest calculated at the statutory rate.

*So ordered.*

---

(…continued)
unauthorized practice of law by concealing his suspension from the practice of law from his clients); *In re Ray*, 675 A.2d 1381 (D.C. 1996) (upholding a six-month suspension for the unauthorized practice of law and other violations, including negligent misappropriation); *In re Kennedy*, 605 A.2d 600 (D.C. 1992) (approving a nine-month suspension with a requirement the attorney demonstrate fitness to practice law after the attorney engaged in the unauthorized practice of law over a period of years and previously served a suspension for the unauthorized practice of law).

[3] On April 14, 2017, the court suspended respondent from the practice of law in the District of Columbia pending a final disposition in *In re Anderson*, No. 17-BG-228. On September 15, 2017, respondent filed an affidavit pursuant to D.C. Bar Rule XI § 14 (g) in that proceeding.