*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 25-BG-0395

IN RE WORKNEH CHURNET, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 974538)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee Approving
Second Amended Petition for Negotiated Discipline
(BDN: 24-ND-006; DDN: 2022-D063)

(Decided August 21, 2025)

Before MCLEESE, DEAHL, and SHANKER, *Associate Judges*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d), governing the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of the parties' second amended petition for negotiated attorney discipline. Respondent Workneh Churnet voluntarily acknowledged that he (1) commingled and failed to maintain complete records of entrusted funds and (2) failed to deposit entrusted funds into an IOLTA. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.15(a) and (b). The proposed discipline consists of a ninety-day

suspension, with all but thirty days stayed, in favor of one year of supervised probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in these cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and "the agreed-upon sanction is justified," *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (internal quotation marks omitted), in light of analogous precedents. *See, e.g.*, *In re Iglehart*, 759 A.2d 203, 204 (D.C. 2000) (per curiam) (thirty-day suspension for failure to maintain trust-account records and commingling funds); *In re Ukwu*, 712 A.2d 502, 502-03 (D.C. 1998) (per curiam) (stayed thirty-day suspension for same); *see also In re Teitelbaum*, 303 A.3d 52, 57-58 (D.C. 2023) (providing that a negotiated discipline petition "may generally omit to charge a violation if, after reasonable factual investigation, there is a substantial risk that [the Office of Disciplinary Counsel] would not be able to establish the violation by clear and convincing evidence"). Accordingly, it is

ORDERED that respondent Workneh Churnet is hereby suspended from the practice of law in the District of Columbia for 90 days with all but 30 days stayed, in favor of one year of supervised probation with the following conditions:

(a)   Respondent shall meet with and obtain an assessment from the District of Columbia's Practice Management Advisory Service (PMAS) and comply with and implement any recommendations of PMAS, including the supervision of his practice by a monitor for the period of at least one year.

(b)   Respondent will execute a waiver allowing the assigned practice monitor to communicate directly with the Office of Disciplinary Counsel regarding his compliance. The assigned practice monitor will conduct a full assessment of respondent's practices, including but not limited to reviewing financial records, client files, engagement letters, and respondent's supervision and training of staff. The assigned practice monitor shall take steps to ensure respondent is aware of and has taken steps to comply with his obligations under Rule 1.15, including maintaining complete records relating to client funds, depositing entrusted funds into an IOLTA, and treatment of flat or advance fees in compliance with this court's precedents, *see, e.g.*, *In re Mance*, 980 A.2d 1196 (D.C. 2009). The practice monitor shall ensure respondent complies with all the practice monitor's recommendations.

(c)   Respondent must be in full compliance with the practice monitor's requirements for a period of twelve consecutive months. After the

practice monitor determines that respondent has been in full compliance for twelve consecutive months, respondent must sign an acknowledgement that he is in compliance with the practice monitor's requirements and file the signed acknowledgement with the Office of Disciplinary Counsel.[1]  This must be accomplished no later than two years after the date of this opinion.

(d)     Respondent shall not be found to have engaged in any unethical conduct before the probationary period expires.

(e)     During the probationary period, respondent shall inform all clients, in writing, that he is serving a term of probation.

Additionally, respondent is reminded that he must file with the Court an affidavit pursuant to D.C. Bar R. XI, § 14(g), for, *inter alia*, purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Bd. Pro. Resp. R. 9.

*So ordered.*

---

[1]  The record reflects the parties' understanding that respondent's probation may last longer than one year in order for him to demonstrate twelve months of consecutive compliance with the practice monitor's requirements.