[660 NYS2d 136]

In the Matter of SHMUEL B. KLEIN (Admitted as SHMUEL BEREL KLEIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 30, 1997

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

*Shmuel Klein,* Spring Valley, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The petition contains three charges of professional miscon-

duct against the respondent. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm, and the respondent cross-moves to disaffirm, the report of the Special Referee.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), and conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), in connection with his handling of a bankruptcy matter in the United States Bankruptcy Court entitled *In re Moses Stein, Debtor.* The facts underlying Charge One are as follows:

1. In an "Extract of Bench Ruling Dismissing Chapter 13 Case and Imposing Sanctions on the Debtor's Attorney" (hereinafter bench ruling) dated June 9, 1994, the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, found that the respondent, the debtor's attorney, engaged in improper conduct.

2. In the bench ruling, the court found that the respondent attempted to present an ex parte order to show cause to the court on or about March 28, 1994, which the court declined to entertain. The object of the order to show cause was to reimpose an automatic stay on the foreclosure sale of the debtor's home.

3. The court further found that, when the respondent again presented the order to show cause in the presence of the bank's attorney on or about March 30, 1994, he initially contended that a foreclosure sale of the debtor's home was imminent, which was not the case since no sale had been scheduled.

4. The respondent then represented that the debtor's confirmation hearing was scheduled for April 7, 1994, and that it was necessary to resolve the stay issue before then. Based on the respondent's representation, the court scheduled the hearing on the debtor's motion for April 6, 1994.

5. The court found that the respondent gave false testimony at the hearing on April 6, 1994, and that the respondent lied to cover his office's mistake in sending three checks for past-due mortgage payments to the bank's attorneys rather than to the bank.

6. At the hearing on April 6, 1994, the court sanctioned the respondent for the aforementioned conduct, ordering him to

pay $500 to the bank. When the bench ruling was reduced to writing, some nine weeks later, the respondent still had not paid the sanction.

7. The court further found that, throughout the many proceedings in the Stein bankruptcy matter, the respondent failed to disclose that the chapter 13 trustee had moved before another United States Bankruptcy Court Judge, Judge Jeffrey Gallet, to dismiss or convert the matter pursuant to 11 USC § 1307 (c) (1) and (4) due to the debtor's failure to appear at a "section 341" hearing and to deposit necessary funds with the trustee.

8. In the Bench ruling, the court noted that the trustee's motion was returnable on April 7, 1994, the date that the respondent represented to the court as the date of the debtor's confirmation hearing. On that date, however, neither the debtor nor the respondent appeared in response to the trustee's motion or at the confirmation hearing. By an order dated April 7, 1994, Judge Gallet granted the trustee's motion and dismissed the case.

9. The court also noted that the foreclosure sale was rescheduled for the end of April 1994. On April 26, 1994, on the heels of the previous dismissal and on the eve of the sale, the respondent, on behalf of the debtor, filed a second bankruptcy petition.

10. The court found that the second bankruptcy petition constituted an "abusive" chapter 13 filing that was not done in good faith, but to frustrate the legitimate rights of the bank. The court further found that the second petition flouted a prior order of the court granting conditional relief from the stay, caused the bank unnecessary expenses, and abused the bankruptcy process.

11. The court also found that the respondent falsely certified, in response to a question on the second bankruptcy petition, that the debtor had not filed a bankruptcy petition during the previous six years. The court found that the respondent knew, based on his personal knowledge, that the debtor was ineligible to file the second bankruptcy petition since he had filed a petition on the debtor's behalf in November 1993, which was dismissed on April 7, 1994. Thus, the court found that the second petition was interposed to delay the foreclosure.

12. Based on the aforementioned violations, the court directed the respondent to pay, within 30 days, sanctions in the sum of $3,500: $2,500 to the Clerk of the United States

Bankruptcy Court and $1,000 to the bank as compensation for its expenses, including attorney's fees.

Charge Two alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), and conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), in connection with his handling of a legal malpractice case entitled *Eliezer Goldstock and American Jewish Society for Distinguished Children, Inc. v Shmuel B. Klein*. The facts underlying Charge Two are as follows:

1. In a decision and order of the Supreme Court, Rockland County, dated October 6, 1994, the Honorable Anthony A. Scarpino, Jr., *inter alia*, dismissed 10 of the respondent's affirmative defenses in the above-entitled action, finding that either they were not defenses to the alleged claim or they were wholly without merit. The court noted that, despite the plaintiff's challenge, the respondent failed to making any showing of merit to the dismissed defenses.

2. In the aforementioned decision and order, the court warned the respondent and opposing counsel "that the abusive nature of the pleadings, correspondence, and conduct in this action must stop here. The hyperbole, harassment, and histrionics will no longer be tolerated. Failure to heed this warning will result in sanctions and referral by the Court to the Grievance Committee." The court also stated that no further motions could be made without prior court approval.

3. Upon information and belief, Justice Scarpino was reassigned on or about January 1, 1995, and the matter was transferred to the Honorable Kenneth W. Rudolph.

4. On or about March 16, 1995, Justice Rudolph sent the respondent and opposing counsel a letter in which he stated that the "stern warning" issued by Justice Scarpino, in his decision and order dated October 6, 1994 had "been ignored and had gone unheeded".

5. Justice Rudolph's letter also stated that, despite Justice Scarpino's order that no further motions be made without prior court approval, counsel continued the behavior described by Justice Scarpino as if the prior order never existed.

6. Justice Rudolph's letter advised counsel that a hearing would be held on March 21, 1995, to determine whether sanctions would be imposed against them for dilatory and oppressive conduct in violation of the prior orders of the court.

7. In a decision and order dated March 29, 1995, Justice Rudolph, *inter alia,* found that, "[i]n complete contravention of the prior order of this Court and in violation of the preliminary conference order to serve his answer to the amended complaint the [respondent] has made an Omnibus Motion to compel arbitration, to renew previous motions to strike, to dismiss plaintiffs' complaint and to dismiss the action as to the individual plaintiff, Eliezer M. Goldstock".

8. In the March 29, 1995 order, the court also found that the omnibus motion included the respondent's third motion to compel arbitration, the two prior applications having been denied by the same court. Moreover, the respondent admitted to the court that he had no legal basis for making such application and that his request for arbitration was based on religious laws.

9. The court further found that, when opposing counsel agreed to a discontinuance of the action on behalf of the individual plaintiff pursuant to the respondent's motion (see subparagraph 7 above), the respondent said, "I changed my mind, I want him in the action," and the respondent did not want that portion of the relief requested. The court stated, "[T]his contemptuous response clearly demonstrates [the respondent's] intent to harass his adversary and grind this litigation to a halt in a sea of frivolous motions."

10. The court further stated that the respondent's attempt to revisit the previous decisions of the court was equally egregious. Despite the court's admonitions, the respondent displayed what appeared to be a complete lack of understanding of the serious nature of the proceedings by submitting a further affirmation in support of his omnibus motion on March 24, 1995, three days after a hearing on sanctions was completed by the court.

11. Based on the aforesaid conduct, the court imposed sanctions of $1,000 against the respondent, ordering him to pay that sum to the Lawyers' Fund for Client Protection of the State of New York within 20 days and to file proof of payment with the Clerk of the Supreme Court, Rockland County, within 10 days thereafter.

12. On or about May 4, 1995, Justice Rudolph sent the respondent a letter in which he stated that opposing counsel had been given permission to file a motion for summary judgment in response to which the respondent interposed affirmative defenses previously dismissed by a prior order of the court. The letter further stated that the respondent's correspondence indicated the respondent's awareness that he was not to revisit the previously dismissed defenses.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), and/or conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by making a false and/or misleading statement in his answer to a complaint of professional misconduct. The facts underlying Charge Three are as follows:

1. On or about March 14, 1995, the Grievance Committee received a complaint of professional misconduct against the respondent alleging that he lied and/or made misrepresentations regarding his malpractice insurance in the course of defending the aforementioned legal malpractice action.

2. In his written answer to the complaint, dated March 21, 1995, the respondent stated, "I have never had a malpractice claim and try very hard not [sic] to avoid them."

3. The respondent, in fact, has had at least one additional legal malpractice claim filed against him as a third-party defendant in an action entitled *Thalenberg v Rosenfeld and Charles/ Charles v Klein*. The third-party summons and verified complaint were filed on or about April 27, 1994, in the Supreme Court, Rockland County.

At the prehearing conference the respondent made the following admissions: With regard to Charge One, the respondent admitted that, by an order dated April 7, 1994, Judge Gallet granted the trustee's motion and dismissed the Stein bankruptcy petition. The respondent also admitted that, on April 26, 1994, he filed a second bankruptcy petition on Mr. Stein's behalf. With regard to Charge Two, the respondent admitted most of the underlying facts, but denied the correctness of the court's decisions finding his conduct improper. Finally, with regard to Charge Three, the respondent admitted that, in his written answer to a complaint of professional misconduct, he stated, "I have never had a malpractice claim and try very hard not [sic] to avoid them."

In view of the documentary evidence submitted by the Grievance Committee, the respondent's admissions, and the testimony adduced at the hearing, the Special Referee properly sustained all three charges against the respondent. Thus, the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion to disaffirm the Special Referee's report is denied.

In determining the appropriate measure of discipline to impose, we have considered the mitigating factors proffered by

the respondent with regard to Charge Two, including the nature of the relationship between him and Mr. Goldstock and the fact that the underlying action was ultimately discontinued with prejudice.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, Shmuel B. Klein, is suspended from the practice of law for a period of five years, commencing July 30, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Shmuel B. Klein, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.