**In re Shmuel B. KLEIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1362.**

District of Columbia Court of Appeals.

Argued Jan. 5, 1999.
Decided March 23, 2000.

Shmuel B. Klein, respondent pro se.

Michael S. Frisch, Assistant Bar Counsel, with whom Leonard H. Becker, Bar

Counsel at the time the brief was filed, was on the brief, for the Office of Bar Counsel.

Before STEADMAN and SCHWELB, Associate Judges, and KING, Senior Judge.

STEADMAN, Associate Judge:

Before us is a recommendation by the Board on Professional Responsibility (the Board) requesting that Respondent Shmuel B. Klein be reciprocally disciplined consistently with a five-year suspension imposed in the State of New York. We adopt the recommendation of the Board.

## I.

On June 30, 1997, the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, suspended respondent for five years with a requirement that he petition for reinstatement. *In re Klein,* 231 A.D.2d 232, 660 N.Y.S.2d 136 (1997). The suspension arose from three charges of professional misconduct: 1) giving false testimony in relation to a proceeding before the bankruptcy court of the Southern District of New York, for which a $500 fine was imposed;[1] 2) filing frivolous motions and motions without prior leave of court in a legal malpractice case in the Supreme Court of New York; and 3) making false representations regarding his malpractice insurance in the course of his defense of the legal malpractice claim.

In light of this New York suspension, we acted on September 4, 1997, to temporarily suspend respondent in the District of Columbia pursuant to D.C. Bar R. XI, § 11(d), pending a final decision on reciprocal discipline. On March 3, 1998, the Board recommended reciprocal discipline—that respondent be suspended from the practice of law in the District of Columbia for five years with a requirement that he demonstrate fitness prior to reinstatement. Respondent filed an opposition to that recommendation.[2] He argued that he was denied due process in the New York bankruptcy proceeding, that the second misconduct charge was improperly based on actions protected by his right to free exercise of religion, and that District of Columbia law dictated a different resolution than the sanction imposed under New York law.

## II.

D.C. Bar R. XI, § 11(c) provides that reciprocal discipline shall be imposed unless the attorney establishes by clear and convincing evidence that one of five specified exceptions applies. *See In re Gardner,* 650 A.2d 693, 695 (D.C.1994). The exceptions, stated simply, are: (1) The procedure in the foreign jurisdiction constituted deprivation of due process, (2) Infirmity of proof was such that a conclusion of misconduct cannot be accepted here, (3) Reciprocal discipline would result in grave

---

1. Originally, the bankruptcy court ordered a $2.500 fine. Respondent sought review in the United States District Court for the Southern District of New York, claiming procedural and substantive error. The district court upheld the bankruptcy court's decision. However, the Court of Appeals for the Second Circuit vacated the fine and remanded after finding that respondent was denied notice and the opportunity to sufficiently present his case. *Klein v. Ulster Savings Bank.* 127 F.3d 292 (2d Cir.1997), *corrected at* 1997 U.S.App. LEXIS 39329. On remand, the bankruptcy court heard respondent's arguments, but made essentially the same findings of fact. It did, however, reduce the original sanction to a $500 fine. Both the district court and the Second Circuit affirmed this sanction, finding

no merit in respondent's arguments. *Klein v. Ulster Savings Bank,* 198 F.3d 234 (2d Cir. 1999) (unpublished order reported at 1999 U.S.App. LEXIS 22823), *reh'g denied* (December 8, 1999).

2. At oral argument, on January 5, 1999, respondent asked this court to stay its decision on the matter, pending the outcome of his second appeal to the Second Circuit regarding his bankruptcy misconduct and sanction, which we agreed to do. *See supra,* note 1. After the Second Circuit affirmed the bankruptcy court's findings and sanction, the stay was lifted in this court, and the case was deemed submitted on January 31, 2000.

injustice, (4) Misconduct in the foreign jurisdiction would not constitute misconduct here. (5) The misconduct warrants substantially different discipline here. D.C. Bar R. XI, § 11(c)(1)–(5). Respondent, however, has failed to show, clearly and convincingly, that any of these exceptions applies.

First, any allegation of a lack of due process has been adequately addressed and resolved by the proceedings in the Second Circuit. *See supra,* note 1.

Second, there is no "infirmity of proof" of the alleged misconduct. D.C. Bar R. XI, § 11(c)(2). The bankruptcy court's findings of fact regarding the first charged misconduct were specifically affirmed both by the United States District Court for the Southern District of New York and by the United States Court of Appeals for the Second Circuit. With regard to the second charge, respondent does not deny that he filed a motion without prior leave of court, despite an order directing otherwise. Finally, respondent's claim with regard to the third charge, that the false statement which gave rise to the third allegation of misconduct was simply misperceived, was specifically considered and rejected by the New York Supreme Court.

Respondent gives no clear and convincing reason why we should depart from the deference given to the decisions of the disciplining court. *See, e.g., In re Benjamin,* 698 A.2d 434, 440 (D.C.1997) ("Under principles of collateral estoppel, in reciprocal discipline cases we generally accept the ruling of the original jurisdiction . . . ."); *In re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992). As in *Benjamin* and similar cases, we do not see here such a lack of proof as to suggest that reciprocal discipline would be improper based on the facts adduced at the original disciplinary hearing. *See, e.g., In re Benjamin, supra,* 698 A.2d at 440 (despite conflicting testimony regarding veracity of attorney's allegedly false statement, the statement was "nonetheless misleading" and therefore would suffice as a basis for reciprocal discipline).

Third, we cannot sustain respondent's claim that the conduct underlying the second charge was protected by his right to free exercise of religion, and that therefore reciprocal discipline premised on that alleged violation would be gravely unjust (if warranted at all). After protracted litigation in a legal malpractice case, Klein filed an omnibus motion which included his third motion to compel arbitration. The motion was filed despite two prior dismissals of identical requests and warnings from the presiding judge to refrain from further "hyperbole, harassment, and histrionics." He asserts here that as a Hasidic Jew, he was "obligated to attempt to remove the case from the State Supreme Court to the Rabbinical Court," and that the court based its sanction on a statement attributed to him, but which he did not make. The New York Supreme Court's findings, however, are clear that Klein's sanction was based on his repeated attempts to circumvent the explicit orders of two trial judges by reiterating contentions which were previously dismissed or rejected. *See In re Klein, supra,* 231 A.D.2d at 235–36, 660 N.Y.S.2d 136. Respondent fails to address why he continually filed voluminous pleadings and motions despite the "stern warning" of the trial judges, nor does he explain why, even after sanctions were levied, he continued to raise identical issues. Most significantly, however, Klein presents no evidence that the trial courts' orders directing that he obtain leave prior to filing the allegedly vexatious motions directly interfered with the exercise of his religion.[3] *See, e.g., Employment Div., Dept. of Human Resources of Oregon v. Smith,* 494 U.S. 872, 878, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) (First Amendment does not protect individuals against effects of governmental acts of general application). His failure to comply with this court

---

**3.** Klein gives no rationale for why his "obligation to attempt to remove the case" was not fulfilled by his prior motions to compel arbitration.

order is therefore not protected by the First Amendment.

Fourth, despite respondent's arguments to the contrary, we agree with the Board that the misconduct complained of in New York would constitute misconduct here. At the minimum, the false representation in the bankruptcy proceeding violated D.C. Rules of Prof. Conduct, R. 3.3(a)(1) (candor towards tribunal). *See also* D.C. Rules of Prof. Conduct, R. 8.4(c) (proscribing dishonest conduct). The filing of successive motions and disregard of a court order violated D.C. Rules of Prof. Conduct, R. 3.2 (duty to expedite litigation) and R. 3.4(c) (duty to obey obligation as ordered by court). *See In re Solerwitz,* 575 A.2d 287 (D.C.1990). The false or misleading statement made in the course of the malpractice claim violated D.C. Rules of Prof. Conduct, R. 4.1(a) (prohibiting the making of a false statement of material fact or law). *See also* R. 8.4(c).

Fifth, although each individual act of misconduct taken alone might not justify the recommended suspension, the violations taken together warrant that sanction. The suspension imposed by the New York court is within the range of sanctions that may properly have been imposed in an original case in this jurisdiction. *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990). *See, e.g., In re Gil,* 656 A.2d 303, 304–6 (D.C.1995) (disbarment for dishonest private acts; attorney had no prior disciplinary record); *In re Goffe,* 641 A.2d 458, 464 (D.C.1994) (disbarment for dishonesty; no prior disciplinary record); *In re Garner,* 636 A.2d 418, 420–22 (D.C.1994) (reciprocal disbarment for false statement regarding disciplinary actions).

Accordingly, it is

ORDERED that Respondent Shmuel B. Klein be, and he hereby is, suspended from the practice of law in the District of Columbia for a period of five years, imposed *nunc pro tunc* to January 11, 1999, the date on which respondent fully complied with D.C. Bar R. XI, § 14, and is required to demonstrate fitness prior to reinstatement pursuant to D.C. Bar R. XI, § 16. *See In re Slosberg,* 650 A.2d 1329 (D.C.1994).

*So ordered.*