In re K. Kay **SHEARIN**, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 99–BG–5.

District of Columbia Court of Appeals.

Argued Nov. 16, 2000.
Decided Dec. 28, 2000.

Michael S. Frisch, Senior Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before STEADMAN, SCHWELB, and GLICKMAN, Associate Judges.

SCHWELB, Associate Judge:

This reciprocal disciplinary matter is based on a proceeding which was instituted against respondent K. Kay Shearin in Delaware. *See In re Shearin,* 721 A.2d 157 (Del.1998), *cert. denied,* 526 U.S. 1122, 119 S.Ct. 1776, 143 L.Ed.2d 805 (1999) (*Shearin I*). In *Shearin I,* the Supreme Court of Delaware suspended Ms. Shearin from practice in that jurisdiction "for a period of one year commencing January 1, 1999, and ending upon her reinstatement, for which application may be made after January 1, 2000." *Id.* at 166. Rule 23(a) of Delaware's Rules of Professional Responsibility has provided at all relevant times that "[r]einstatement following suspension of more than 6 months o[r] disbarment shall require that proof of rehabilitation be demonstrated in a reinstatement proceeding culminating in a court order of reinstatement."

Ms. Shearin is also a member of the District of Columbia Bar. Following the institution of reciprocal disciplinary proceedings in this jurisdiction, our Board of Responsibility recommended that this court impose identical discipline and suspend Ms. Shearin for one year, with a requirement that she be reinstated only upon proof of fitness to practice. Ms. Shearin has excepted to the Board's recommendation, claiming that "as the Board has not proved any violation, no sanction can be appropriate." We impose the discipline recommended by the Board.

## I.

As noted in the Board's Report, this is "a case of zealous advocacy that has run amok and crossed the line into the realm of vexatious litigation." Briefly, Ms. Shea-

K. Kay Shearin, pro se.

rin, a resident of Delaware who practiced primarily in that state, represented a "Conference" of Methodist churches in a "highly contentious dispute," *see Attorney Grievance Comm'n of Maryland v. K. Kay Shearin,* Docket Subtitle AG 2, slip op. at 1 (Md. Nov. 6, 2000) (*Shearin II*), with one of its local member churches. The member church seceded from the Conference, and, according to the Board, the controversy, which centered on the ownership of certain church property, generated no fewer than twenty different proceedings in the Delaware courts, in the United States Bankruptcy Court, and in the United States Supreme Court. Ms. Shearin's actions during these proceedings also precipitated disciplinary proceedings in Delaware, Maryland, New Jersey, and the District of Columbia.

In Delaware, three disciplinary petitions containing a total of twenty-nine separate counts were instituted against Ms. Shearin. The Delaware Board of Professional Responsibility found by clear and convincing evidence that Ms. Shearin had committed a substantial number of violations of that jurisdiction's disciplinary rules.[1] The

Supreme Court of Delaware sustained the Delaware Board's findings and conclusions and, as noted above, suspended Ms. Shearin from practice for one year.

Following the imposition of discipline in Delaware, the District's Bar Counsel filed with this court a copy of the order suspending Ms. Shearin from practice. This court referred the matter to the Board on Professional Responsibility. On March 28, 2000, the Board recommended the imposition of reciprocal discipline, to consist of a one-year suspension with reinstatement conditioned on proof of fitness. The matter is before the court on the Board's recommendation and Ms. Shearin's exceptions thereto.

## II.

■■ As the Board recognized in its Report and Recommendation, reciprocal discipline will be imposed in the District of Columbia "unless the attorney demonstrates, or the [c]ourt finds on the face of the record on which the discipline is predicated, by clear and convincing evidence,"

---

**1.** The Maryland Court of Appeals concisely summarized these violations in reciprocal proceedings in that jurisdiction:

(A) In Case No. 39, 1992:

(1) that respondent violated Delaware Lawyer's Rule of Professional Conduct (DLRPC) 3.3(a)(1) (knowingly making a false statement of material fact or law to a tribunal) by representing to a Delaware court at various times that she did, and did not, represent the Conference and its Bishop; and

(2) that she also violated DLRPC 3.5(c) (engaging in undignified or discourteous conduct degrading to a tribunal) by filing a reply brief castigating the trial judge in personal terms and suggesting that there were rumors that he had been bribed by her opposing party.

(B) In Case No. 53, 1994:

(1) that she violated DLRPC 1.2(d) (counseling or assisting a client in conduct the lawyer knows is criminal or fraudulent) by preparing deeds and a Certificate that were utterly false and in derogation of prior final judgments entered by the Court of Chancery;

(2) that she violated DLRPC 3.1 (bringing non-meritorious claims before a court) by bringing collateral proceedings intended to interfere with the jurisdiction of the Court of Chancery and avoid compliance with that court's orders;

(3) that she violated DLRPC 3.2 (expediting litigation); and

(4) that she violated DLRPC 3.3(a)(4) (offering evidence known to be false), 3.4(b) (falsifying evidence or assisting a witness to testify falsely), and 4.1(a) (knowingly making false statement of material fact or law to a third person) by preparing and filing a false Certificate of Revival, which created a false public business record that could mislead third persons.

(C) In Case No. 35, 1995:

(1) that she violated DLRPC 1.2(d) (*see ante*) by assisting her client in filing a bankruptcy petition that contained fraudulent claims concerning the assets and liabilities of her debtor client; and

(2) that she violated DLRPC 3.1 (*see ante*) by filing a frivolous bankruptcy petition intended to delay and frustrate legitimate court proceedings.

*Shearin II, supra,* slip. op. at 1–3.

that one of five enumerated exceptions applies:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on the subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C.App. R. XI, § 11(c). We agree with the Board that, in this case, Ms. Shearin has not made the requisite showing with respect to any of the foregoing exceptions.

As previously indicated, Ms. Shearin's sole contention before this court is that she did not commit any ethical violations, and that both the Supreme Court of Delaware and our Board erred in finding that she did. Although she also claims a "denial of due process," an examination of her brief in this court reveals that this contention boils down to "I didn't do what they say I did."[2]

■ Ms. Shearin has failed to demonstrate that she was denied the right to present evidence in Delaware. Cf. In re Pearson, 628 A.2d 94, 99 (D.C.1993). Having been afforded that opportunity in the jurisdiction in which discipline was originally imposed, Ms. Shearin is not free to relitigate in the District of Columbia adverse findings made by the Supreme Court of Delaware. See, e.g., In re Klein, 747 A.2d 1179, 1181 (D.C.2000). "Under principles of collateral estoppel, in reciprocal discipline cases we generally accept the ruling of the original jurisdiction." Id. (quoting In re Benjamin, 698 A.2d 434, 440 (D.C.1997)). As the Maryland Court of Appeals explained in imposing reciprocal discipline against Ms. Shearin in that State,

[the] approach of accepting adjudication of misconduct by judicial tribunals in other States as conclusive ... is common among the States and is not unconstitutional. An attorney is not entitled to relitigate or collaterally attack the findings or judgment of the foreign tribunal.

Shearin II, supra, slip op. at 4–5. Nothing in Ms. Shearin's submission could support a finding by clear and convincing evidence that the Delaware proceedings against her were characterized by an "infirmity of proof," see D.C.App. R. XI, § 11(c)(2), sufficient to warrant our disregarding the findings of Delaware's highest court.

### III.

■ At oral argument, Ms. Shearin presented for the first time the contention that the sanction recommended by the Board—suspension for one year, with reinstatement conditioned upon a showing of fitness—is not substantially identical to the discipline imposed in Delaware. Ms. Shearin asserted that, in Delaware, an attorney is automatically reinstated at the conclusion of the period of suspension unless the court has specified otherwise in the order imposing discipline. This contention, if correct, would potentially be significant, for Ms. Shearin filed her affidavit of compliance with D.C. Bar R. XI, § 14 in February 1999, and the Board has therefore properly recommended that her suspen-

---

2. Ms. Shearin states in her brief: "In other words, I was/am due however much process it takes for me to get a just ruling, and since I did not get justice, I must not have had enough process." This argument is evidently predicated on the theory that an adverse finding with respect to disputed facts automatically amounts to a constitutional violation. Ms. Shearin has cited no authority for this rather unorthodox doctrine.

sion be *nunc pro tunc* to February 25, 1999. *Cf. In re Goldberg,* 460 A.2d 982, 985 (D.C.1983). If we were to suspend Ms. Shearin for one year without requiring that she demonstrate fitness, she would now be eligible for immediate reinstatement to our Bar. In our view, however, Ms. Shearin has failed to preserve the claim that the discipline recommended by the Board is materially different from the sanction imposed in Delaware. In addition, Ms. Shearin's position is lacking in substantive merit.

In the proceedings before the Board, Bar Counsel argued that a one-year suspension, with a "fitness" requirement, should be imposed as "identical" reciprocal discipline. Ms. Shearin insisted that she had done no wrong, but she did not present to the Board the claim that she now advances, namely, that Bar Counsel's recommended sanction was harsher than the Delaware discipline. We have consistently held that an attorney who fails to present a point to the Board waives that point and "cannot be heard to raise it for the first time here." *In re Ray,* 675 A.2d 1381, 1386 (D.C.1996) (citations omitted).

▮ Ms. Shearin has likewise failed to raise the issue in her brief in this court. Points not urged in a party's initial brief are treated as abandoned. *Cratty v. United States,* 82 U.S.App. D.C. 236, 243, 163 F.2d 844, 851 (1947); *George v. United States,* 75 U.S.App.D.C. 197, 200, 125 F.2d 559, 562 (1942); *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995); 20A JAMES WM. MOORE, *et al.,* Moore's FEDERAL PRACTICE § 328.20 (9), at 328–15 & n. 29 (3d ed.2000) ("failure to address an issue in the brief results in waiving the issue on appeal"). We follow this rule because

the failure to raise an issue in one's brief prevents the opposing party from briefing the issue, and it prevents both this

court and opposing counsel from preparing for its consideration at oral argument, contradicting the very purpose of that stage of the appellate process. We therefore do not address the issue on this appeal.

*George Washington Univ. v. Waas,* 648 A.2d 178, 182 n. 6 (D.C.1994) (citations omitted); *see also Bliss v. Bliss,* 733 A.2d 954, 960 n. 13 (D.C.1999).

▮ In any event, the applicable Delaware rule expressly requires that an attorney who has been suspended for more than six months, and who then seeks reinstatement, must demonstrate that he or she has been rehabilitated. See note 1, *supra.* Ms. Shearin has not demonstrated that the practice in Delaware is to the contrary. We therefore agree with the Board that the discipline recommended by that body is substantially identical to the sanction imposed in Delaware.

## IV.

For the foregoing reasons, K. Kay Shearin is suspended from practice in the District of Columbia for one year, *nunc pro tunc* to February 25, 1999, provided, however, that as a condition of reinstatement, Ms. Shearin shall be required to demonstrate her fitness to practice law.

*So ordered.*[3]

---

**3.** Adopting in part a recommendation by the Board, we note that, in the event that Ms. Shearin *should* seek reinstatement, the Board may consider, *inter alia,* whether she has familiarized herself with the Standards of Civility in Professional Conduct issued by the District of Columbia Bar.