In re HIGHGATE EQUITIES,
LTD., Debtor.

No. 00 CIV. 8853(CLB).

United States District Court,
S.D. New York.

Jan. 5, 2001.

David L. Tillem, Wilson Else Moskowitz Edelman & Dicker, White Plains, NY, for Appellant.

Shmuel Klein, Law Office of Shmuel Klein PC, Spring Valley, NY, for Appellee & Debtor.

*MEMORANDUM & ORDER*

BRIEANT, District Judge.

By appeal filed on December 5, 2000, heard and fully submitted January 5, 2000, Appellants appeal a Judgment and Order of Bankruptcy Judge John J. Connelly of the United States Bankruptcy Court for the Southern District of New York, dated October 11, 2000, which imposed sanctions on Appellants in the amount of $500 in favor of Appellee Shmuel Klein, attorney for the Debtor in these proceedings.

The Judgment and Order appealed from is void because it violates the First Amendment of the United States Constitution by punishing privileged speech, and it is reversed.

Appellants Wilson, Elser, Moskowitz, Edelman & Dicker, LLP ("Wilson Elser"), a law firm, and David L. Tillem ("Tillem"), a partner in the law firm (collectively, "Appellants") are counsel to the Bank of New York (the "Bank"). The Bank, which is not a party to the record in the Bankruptcy Court, holds a judgment in excess of $400,000 against Harry L. Stern, Sarah M. Stern (the "Sterns") and Light and Tasty Ltd. entered in New York Supreme Court, Rockland County, on July 29, 1998. The Sterns, in turn, are creditors of Highgate Equities, Ltd. ("Highgate"), the Debtor in these proceedings, holding a judgment in excess of $1.8 million entered against Highgate, Jiab Realty Corp. ("Jiab") and

other co-defendants recovered in New York Supreme Court, Rockland County, on June 26, 1997. Thus, the Bank is not a creditor of Highgate. Rather, the Bank is a creditor of a creditor of Highgate.

For several years, the Sterns have attempted to collect against Highgate and Jiab by executing on 10 acres of land located at 82 Highview Road in Suffern, New York which appears to be the sole asset of Highgate (the "Property"). The Property was allegedly transferred between Jiab and Highgate, which are apparent corporate affiliates. Additionally, both Jiab and Highgate previously filed bankruptcy petitions which were dismissed. Involuntary petitions were filed also against Highgate. Most recently, Judge Melanie L. Cyganowski of the United States Bankruptcy Court for the Eastern District of New York dismissed a bankruptcy case of Highgate on March 30, 2000, and noted that an October 6, 1999 order dismissed Highgate's prior involuntary bankruptcy case "with prejudice to the petitioning creditors' right to file another petition against the Debtor for a period of one year." Previously, in an order dated January 8, 1996, Judge Adlai S. Hardin, Jr. of the United States Bankruptcy Court for the Southern District of New York imposed sanctions on Jiab's principal and dismissed Jiab's voluntary Chapter 11 case with prejudice.

On August 8, 2000, the eve of the sheriff's latest attempt to sell the Property, Highgate filed this voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Counsel for Highgate in its present bankruptcy case is Appellee Shmuel Klein.

By order of the New York Supreme Court, Appellate Division, Second Department, dated June 30, 1997, Mr. Klein was suspended from the practice of law in the

courts of the State of New York for five years.[1] The order of the Appellate Division suspending Mr. Klein directed that he

> Shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor at law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in anyway as an attorney and counselor at law.

*In re Klein,* 231 A.D.2d 232, 660 N.Y.S.2d 136 (2d Dep't), *leave to appeal denied,* 90 N.Y.2d 929, 664 N.Y.S.2d 262, 686 N.E.2d 1357, *reh'g denied,* 91 N.Y.2d 867, 668 N.Y.S.2d 563, 691 N.E.2d 635 (1997).

Mr. Klein's motion before Bankruptcy Judge Connelly for sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure arose from a letter dated October 15, 2000, written by Appellants to the Bankruptcy Court, copied to Appellee Klein and the United States Trustee (the "Snitch Letter"). The Snitch Letter informed the Bankruptcy Court of Mr. Klein's suspension from the practice of law in New York state courts and of his client's multiple prior bankruptcy filings and dismissals and is substantially truthful so far as it goes. A separate letter to the same effect was sent by Appellants to the New York State Grievance Committee.

In an affirmation in support of his motion for sanctions, Appellee Klein characterized the Snitch Letter as a "viscous [sic] and malicious attack upon [him] without any pre-filing inquiry whatsoever, without any research whatsoever and without even a telephone call to anyone." This criticism is valid. In a brief supporting his motion for sanctions, Appellee Klein argued that Appellants sent the Snitch Letter to the

---

1. For reasons not relevant to this appeal, the Southern District of New York Disciplinary Committee did not recommend discipline against Mr. Klein, despite his suspension in state court. Mr. Klein is admitted to practice in the Southern District of New York, which includes its Bankruptcy Courts, and is and has been at all times in good standing in this District.

Bankruptcy Court "to harass or intimidate the debtor and its counsel" and "to delay the proceedings and increase the cost of litigation." Mr. Klein further alleged that Appellants "failed to make reasonable inquiry" as required by Rule 9011 prior to the filing of papers with the court. Such an inquiry could have been made readily at the office of the Clerk of the Southern District of New York and would have shown that Attorney Klein remains in good standing in this District, which includes the Bankruptcy Court. Inclusion of that readily ascertainable fact in the Snitch Letter would have made it not misleading.

In an oral decision rendered on September 26, 2000 after a hearing on Appellee's motion, Judge Connelly stated

> What bothers me about it, Counsel, everything you have in defense of your letter are matters that this Court has to deal with on its own. You are not a party in this action. You, I guess, have it in your mind that you were probably asking the Court to make a determination in this case. I find that approach inappropriate.
>
> I do not like to receive correspondence from counsel involved in the case. I frown on it. Pleadings are the proper way of informing the Court. This is an outside approach to me for my decision that I have to make in this case. I am going to impose sanctions of $500 to be paid directly to Mr. Klein.

■ At its core, this appeal implicates freedom of speech in a matter of public concern as protected by the First Amendment to the United States Constitution. Appellants in this case wrote a truthful letter, believing they had a good faith basis for doing so, to Judge Connelly of the United States Bankruptcy Court for the Southern District of New York. Appellants, in their letter, stated truthfully that Appellee Klein had been suspended from the practice of law in the courts of the State of New York. It is a rare circumstance that an attorney is suspended from practice in the New York state courts but

is allowed to continue to practice in the federal courts within New York. Appellants made no allegation in the Letter that Mr. Klein was suspended from the practice of law in the Federal or Bankruptcy courts.

The Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provide

> Discipline or other relief...*may* be imposed, by the Committee on Grievance, after notice and opportunity to respond...if...[a]ny member of the bar of this court has been disciplined by any federal court or court of any state or territory.

U.S. Dist. Ct. Rules, S. & E.D.N.Y., Local Rule 1.5(b)(2)(emphasis added).

In contrast, the Local Rules of the Second Circuit Court of Appeals state

> In all cases in which an order disbarring an attorney or suspending an attorney from practice (whether or not on consent) has been entered in any other court of record, federal or state, and a certified copy thereof has been filed in this court, the clerk *shall* enter an order for the court, to become effective twenty-four days after the date of service upon the attorney unless sooner modified or stayed, disbarring the attorney or suspending the attorney from practice in this court upon terms and conditions comparable to those set forth by the other court of record.

U.S.Ct. of App. Rules, 2d Cir., Rule 46(f)(1)(emphasis added).

■ As a matter of public policy, lawyers and citizens generally must be free to write to judges regarding perceived attorney misconduct. Judges, on receiving such a letter, especially from a nonparty, remain free to reject or ignore the letter. Although Appellants may have written the Snitch Letter in order to "get even" with Attorney Klein for assisting the Debtor to evade its responsibility to the Sterns, this does not taint their First Amendment

right to communicate with the court. Appellants' act in sending the Snitch Letter to the Bankruptcy Court was lawful and Constitutionally protected. Appellants exercised their right to free speech by sending a truthful letter addressed to a public official regarding a matter of public concern.

■ As an alternative ground for reversal, since Appellants were not parties or attorneys for parties to this litigation, and did not become such simply by writing the Snitch Letter, Bankruptcy Rule 9011 does not provide a jurisdictional basis for sanctioning them.

### Conclusion

Based on the foregoing, the Judgment and Order dated October 11, 2000 issued by Bankruptcy Judge John J. Connelly of the United States Bankruptcy Court for the Southern District of New York is reversed and vacated.

SO ORDERED.